UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Tequila Brown, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>American Homes 4 Rent, LP<br><br>　　　　　Defendant. | Case No. 2:24-cv-01166-RFB-BNW<br><br>**ORDER** |

Before the Court is Defendant's motion to stay discovery. ECF No. 16. Plaintiffs opposed. ECF No. 17. Defendant replied. ECF No. 18. The parties are familiar with the arguments. As a result, the Court does not repeat them. Instead, the Court will incorporate the arguments as necessary and relevant to this order.

**I.   Background**

Plaintiffs' complaint alleges the following claims: Claim I—Tender of Payment, Claim II—Breach of Contract, Claim III—Laundering of Monetary Instruments, and Claim IV—Civil Money Penalty. Defendant filed a motion to dismiss. ECF No. 6. Several arguments underpin that motion. One of them is whether this Court has subject-matter jurisdiction over this case. This Court is convinced it does not. As a result, it will grant the motion to stay discovery.

**II.   Legal Standard**

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995). A court may, however, stay discovery under Federal Rule of Civil Procedure 26(c). Fed. R. Civ. P. 26(c)(1); *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019) (affirming stay of discovery under Rule 26(c)). The standard for staying discovery under Rule 26(c) is good cause. Fed. R. Civ. P. 26(c)(1) (the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or

undue burden or expense," including forbidding discovery or specifying when it will occur). When deciding whether to grant a stay of discovery, the court is guided by the objectives of Fed. R. Civ. Pro. 1 that ensure a "just, speedy, and inexpensive determination of every action." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). Accordingly, considerations of judicial economy and preserving the parties' resources may warrant a stay in some cases. *U.S. for Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1426–27 (9th Cir. 1985). Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

One way a party can meet the good cause standard is by showing it will prevail under the "preliminary peek" test. Under this test, the court may grant the stay when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D. at 581.[1]

### III. Analysis

**A. The pending motion is potentially dispositive.**

At the outset, this Court notes that Plaintiffs do not contest the notion that a dispositive motion is pending.

**B. The motion can be decided without additional discovery.**

Plaintiffs state—in conclusory fashion—"that proceeding with discovery is essential for the complete and through development of the factual record, which is crucial for the resolution of the pending dispositive motion." ECF No. 17 at 3. But absent from that declaration is any argument justifying the need for additional discovery before the motion to dismiss can be decided. In addition, this Court has reviewed Defendant's motion to dismiss, which is based on

---

[1] While this court has previously found that the preliminary peek test can be problematic, the issues presented here are simple enough where the test can be easily applied. *Schrader v. Wynn Las Vegas, LLC*, No. 219CV02159JCMBNW, 2021 WL 4810324 *3–4 (D. Nev. Oct. 14, 2021).

Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). Given the legal nature of these arguments, this Court finds that no discovery is needed to resolve that motion.

### C. This Court is convinced it lacks subject-matter jurisdiction.

Having conducted a preliminary peek, this Court is convinced it lacks subject-matter jurisdiction in this case as there is no viable federal question and the parties are not diverse.

To begin, Plaintiffs' opposition to Defendant's motion to dismiss acknowledges that Claims III and IV are problematic. ECF No. 14 at 4. This Court agrees. As to Claim III, Plaintiffs have not pled any facts to suggest that money laundering is at play. Equally important, they have not asserted which statute (or case) they rely on that would allow them to bring this claim. Moreover, this Court does not believe Plaintiffs could ever plead such facts given the nature of the complaint. Next, Claim IV is based on 12 U.S.C. § 504, which applies to banks and any institution-affiliated party. The Defendant, American Homes 4 Rent, is neither. Thus, this Court is convinced these two claims are subject to dismissal.

Claim II is a breach of contract claim. Here, all parties are citizens of Nevada. ECF No. 1 at 2. Thus, this Court would only have jurisdiction over this claim if it chose to assert supplemental jurisdiction. 28 U.S.C. § 1367. Plaintiffs appear to suggest that this Court will be able to exercise supplemental jurisdiction over the breach of contract claim because they have pled a viable claim under the FDCPA (over which this Court could exercise federal question jurisdiction). ECF No. 14 at 5. But this Court is convinced that the FDCPA claim will be dismissed. As a result, this Court will not have jurisdiction over the single remaining claim—the breach of contract claim.[2]

To state a claim under the FDCPA, "a plaintiff must show: 1) that he is a consumer; 2) that the debt arises out of a transaction entered into for personal purposes; 3) that the defendant is a debt collector; and 4) that the defendant violated one of the provisions of the FDCPA." *Freeman v. ABC Legal Servs. Inc.*, 827 F. Supp.2d 1065, 1071 (N.D. Cal. 2011). First, it is not clear how Defendant qualifies as a "debt collector" under 15 U.S.C. § 1692a(6). This is fatal to

---

[2] Given the lack of jurisdiction, this Court does not need to delve into the viability of the breach of contract claim.

Plaintiffs' claims. In addition, Plaintiffs claim that Defendant refused to collect money—which stands in direct opposition to the acts of an entity attempting to collect a debt.[3] ECF No. 1 at 3–4.

While this Court has provided a brief rationale for its conclusions,

> [t]he district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery . . . .

*Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).

Ultimately, this Court finds Defendant has shown good cause for discovery to be stayed pending the resolution of the motion to dismiss. Guided by Rule 1 of the Federal Rules of Civil Procedure, this Court finds it is more just to delay discovery to accomplish the inexpensive determination of the case. *Id.*

### IV.     Conclusion

**IT IS THEREFORE ORDERED** that Defendant's motion to stay discovery (ECF No. 16) is GRANTED.

**IT IS FURTHER ORDERED** that the parties are to file a joint, proposed discovery plan and scheduling order within 14 days after the motion to dismiss is decided (if applicable).

DATED this 18th day of November 2024.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiffs also cite to NRS § 104. 3110 as part of this claim. Even assuming this statute were applicable, it would not give rise to federal-question jurisdiction.