# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TEQUILA BROWN, *et al.*, | Case No. 2:24-cv-01166-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| AMERICAN HOMES 4 RENT, LP, *et al.*, | |
| Defendants. | |

Before the Court is the (ECF No. 28) Motion to Dismiss Plaintiffs' First Amended Complaint by Defendants American Homes 4 Rent, LP, AH4R Properties, LLC, and American Homes 4 Rent Management, LLC. Also pending is Defendants' (ECF No. 35) Motion to Strike and Plaintiffs' (ECF No. 39) Motion for Voluntary Dismissal. For the following reasons, the Court grants the Motion to Dismiss for want of subject matter jurisdiction and denies the other pending Motions as moot.

## I. PROCEDURAL HISTORY

On June 26, 2024, Plaintiffs Tequila Brown and Jaylah Brown, proceeding *pro se*, filed their Complaint against Defendant American Homes 4 Rent, LP ("AH4RLP"), asserting claims under the Fair Debt Collection Practices Act, for breach of contract, "money laundering," and pursuant to 12 U.S.C. § 504. ECF No. 1. On July 19, 2024, Defendant AH4RLP filed a Motion to Dismiss. ECF No. 6. On August 1, 2024 and August 5, 2024, Plaintiffs filed their response. On August 8, 2024, Defendant AH4RLP filed its reply. ECF No. 18.

On September 5, 2024, Defendant AH4RLP filed a Motion to Stay Discovery, which was

fully briefed. ECF Nos. 16-18. On November 18, 2024, the Court granted the Motion to Stay. ECF No. 21. On November 19, 2024, Plaintiffs filed a Motion for Reconsideration of the order staying discovery, which Defendant AH4RLP opposed. ECF Nos. 22, 24.

On November 27, 2024, Plaintiffs filed a Motion to Amend their Complaint, which Defendant opposed. ECF Nos. 23, 25. On December 12, 2024, the Court granted Plaintiffs' Motion to Amend and denied the Motion for Reconsideration as moot. ECF No. 26. Plaintiffs' First Amended Complaint ("FAC") which added Defendants AH4R Properties, LLC and American Homes 4 Rent Management, LLC, was filed. ECF No. 27. The FAC brings the following claims: (1) breach of contract, (2) fraud, (3) unjust enrichment, and (4) "violations of Nevada property law" which cites NRS 118A.390.

On December 26, 2024, Defendants filed the instant Motion to Dismiss the FAC. ECF No. 28. As of January 7, 2025, it was fully briefed. ECF Nos. 31, 32. On January 8, 2025, Plaintiffs filed an additional opposition to the Motion to Dismiss the FAC without leave of Court. ECF No. 33.

On January 15, 2025, Defendants filed the instant Motion to Strike the supplemental opposition pursuant to LR 7-2(g), which was fully briefed. ECF Nos. 35, 37, 38. Plaintiffs filed an additional response to the Motion to Strike on May 19, 2025, without leave. ECF No. 43. On May 26, 2025, Defendants filed an additional Reply. ECF No. 44. On June 2, 2025, Plaintiffs filed another supplemental response to the Motion to Strike without leave, and Defendant AH4R Properties, LLC, filed another Reply. ECF Nos. 46, 47.

On December 30, 2024, Defendants filed a second Motion to Stay discovery. ECF No. 30. Plaintiffs did not oppose the Motion, and it was granted as unopposed. ECF No. 34. Discovery is stayed pending resolution of the instant Motion to Dismiss.

On March 10, 2025, Plaintiffs filed a "Motion for Voluntary Dismissal without prejudice due to improper venue and equity jurisdiction." ECF No. 39. Defendants filed an opposition. ECF No. 40. Plaintiffs did not reply.

The Courts order on the pending Motions follows.

## II. FACTUAL ALLEGATIONS

The FAC alleges Plaintiffs entered into a lease agreement with AH4R Properties, LLC, managed by American Homes 4 Rent Management, LLC, on April 25, 2020, for property located at 1004 Lone Pine River Avenue, Henderson, Nevada, that they tendered lawful payments, and that Defendants refused to accept payments without cause. On February 2, 2024, Defendants issued an unjustified non-renewal/lease termination notice. Defendants misrepresented their intent to honor the lease terms and engaged in deceptive practices by securitizing Plaintiffs' security deposit without disclosure, unjustly profited from securitizing the security deposit, and violated NRS 118A.390 by improperly handling Plaintiffs' security deposit and issuing termination notices.

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. See U.S. Const. art. III, § 2, cl. 1; Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A party alleging subject matter jurisdiction has the burden of establishing it. Id.; Kelly v. Wengler, 822 F.3d 1085, 1094 (9th Cir. 2016). To invoke a federal court's limited subject matter jurisdiction, a complaint must provide "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The Court will accept the plaintiff's factual allegations regarding its jurisdiction as true unless they are contested by the defendant. Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014). A defendant may move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. Id.

Federal question jurisdiction vests federal courts with authority to adjudicate civil claims "arising under the Constitution, laws, or treaties of the United States." See Mims v. Arrow Fin. Services, LLC, 565 U.S. 368, 371 (2012) (citing 28 U.S.C. § 1331). "A case arise[es] under federal law within the meaning of § 1331 ... if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Cook Inlet Region, Inc. v. Rude, 690 F.3d 1127, 1130 (9th Cir. 2012) (citing Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006).

Diversity jurisdiction vests federal courts with jurisdiction over civil cases with complete diversity of citizenship, meaning "each of the plaintiffs must be a citizen of a different state than each of the defendants" and an amount in controversy exceeding $75,000. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001); 28 U.S.C. § 1332.

## IV. DISCUSSION

As discussed below, the Court finds it lacks subject matter jurisdiction over this action, and therefore dismisses this case without prejudice and denies all pending Motions as moot.

### A. Federal Question Jurisdiction

First, the Court finds that Plaintiffs' FAC, construed liberally given Plaintiffs' *pro se* status,[1] contains no cause of action under federal law, nor do Plaintiffs' common law claims for fraud, breach of contract, and unjust enrichment, or for violation of Nevada Revised Statute 118A.390, depend on the resolution of a "substantial question of federal law." Cook Inlet Region, Inc., 690 F.3d at 1127. Plaintiffs' Opposition asserts that their claims regarding Defendants' "improper securitization" of their security deposits constitutes a violation of their due process rights under the Fourteenth Amendment. But the Court can only consider the face of Plaintiffs' operative complaint in evaluating their invocation of federal question jurisdiction, and the FAC raises no Fourteenth Amendment claim, nor facts that would give rise to such a claim. Id. Leave to amend to assert a Fourteenth Amendment claim against Defendants would be futile, because Defendants are private parties, not governmental entities, and nothing in the FAC or Plaintiffs' briefing suggests their proposed constitutional claim could satisfy the state action doctrine. See Roberts v. AT&T Mobility LLC, 877 F.3d 833, 837-838 (9th Cir. 2017) (explaining the state action doctrine, which requires that a constitutional claim against a private party be based on actions "fairly attributable to the State") (internal quotations and citations omitted). Additionally, by withdrawing the federal causes of action Plaintiffs asserted in their original complaint, Plaintiffs have waived them. London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) (holding that

---

[1] The Court must hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*).

- 4 -

a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint).

### B. Diversity Jurisdiction

Plaintiffs' FAC also fails to establish diversity jurisdiction, because it does not allege that Plaintiffs, as citizens of Nevada, are diverse as to each Defendant. Bautista v. pan Am. World Airlines, Inc., 828 F.2d 546, 553 (1987) ("The essential elements of diversity jurisdiction, including the diverse residence of all parties, must be affirmatively alleged in the pleadings."). Plaintiffs' Opposition asserts that Defendant AH4RLP is a citizen of California, Texas, and Florida because they engage in business operations in those states. Plaintiffs appear to misunderstand how the citizenship of a partnership is determined for purposes of diversity jurisdiction. See Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[A] partnership is a citizen of all of the states of which its partners are citizens . . .). And again, the Court can only consider Plaintiffs' invocation of this Court's jurisdiction based on the face of their operative complaint, which fails to make any allegation regarding Defendants' citizenship. Id.

Defendants assert that AH4RLP is a citizen of Nevada because its sole general partner/member is a publicly traded real estate investment trust with shareholders who are citizens of every state, including Nevada. See Americold Realty Tr. v. Conagra Foods, Inc., 577 U.S. 378, 381-82 (2016) (holding that a real estate investment trust organized under Maryland law possesses the citizenship of its shareholders, who are deemed members of the unincorporated organization). Because AH4RLP has disclosed it is "a limited partnership whose sole general partner is American Homes 4 Rent, a publicly traded real estate investment trust, registered in the State of Maryland," the Court finds it is a Nevada citizen pursuant to Americold Realty Trust.  See ECF No. 11.

Plaintiffs Opposition does not contest Defendants' assertion that AH4R Properties, LLC, and American Homes 4 Rent Management, LLC are also Nevada citizens, because their principal places of business are in Las Vegas, Nevada. However, Defendants are incorrect about how the citizenship of a limited liability company is determined. Johnson, 437 F.3d at 899 (holding that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). The Court cannot determine the citizenship of the LLC Defendants, because the citizenship of each

of their members is not clear from the record. But regardless of the LLC Defendants' citizenship, complete diversity does not exist due to AH4RLP's status as a Nevada citizen. The Court therefore finds leave to amend to cure diversity of citizenship would be futile. Blue Ridge Ins. Co. v. Stanewich, 142 F.3d 1145, 1148, n.3 (9th Cir. 1998) (noting leave to amend to cure insufficient allegations of diversity of citizenship should be supported by *prima facie* proof of diversity of citizenship); cf. Snell v. Cleveland, Inc., 316 F.3d 822, 828 & n.6 (9th Cir. 2002) (*per curiam*) (holding that where defendants do not contest diversity of citizenship, a court should afford leave to amend where insufficient allegations of citizenship could be cured).

### C. Leave to Amend

Plaintiffs Opposition seeks leave to file a Second Amended Complaint. As discussed above, the Court finds amendment would be futile to cure the jurisdictional defects in Plaintiffs' FAC. With regards to federal question jurisdiction, Plaintiffs have waived their originally brought federal causes of action by withdrawing them in their FAC, which was filed in response to Defendants' first motion to dismiss for want of jurisdiction and failure to state a claim. In their request for a second opportunity to amend, Plaintiffs have not identified any other federal cause of action or question of federal law they might assert against Defendants based on the alleged facts underlying their suit. Likewise, the Court finds the deficiency with regards to diversity jurisdiction cannot be cured due to AH4RLP's uncontested Nevada citizenship. Accordingly, the Court finds leave to amend is not warranted in this case. See United States v. Corinthian Colls., 655 F.3d 984, 995 (9th Cir. 2011) ("Leave to amend is warranted if the deficiencies can be cured with additional allegations that are consistent with the challenged pleading and that do not contradict the allegations in the original complaint.").

Because the Court lacks subject matter jurisdiction, it dismisses this case without prejudice, but without leave to amend. See Frigard v. U.S., 862 F.2d 201, 204 (9th Cir. 1988) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court.").

///

///

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' (ECF No. 28) Motion to Dismiss is **GRANTED**. Plaintiffs' First Amended Complaint is **DISMISSED without prejudice**, but **without leave to amend**, for want of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other pending (ECF Nos. 35, 39) Motions are **DENIED** as moot.

The Clerk of Court is directed to close this case.

**DATED:** September 26, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**